**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

---

| | |
|---|---|
| SANTOS SALCIDO and | : |
| GUADALUPE ALVAREZ | : |
| on behalf of themselves and all other similarly | : |
| situated individuals, | : |
| Plaintiffs, | : CASE NO. 1:07-CV-01347-AWI- |
| | : GSA |
| v. | : |
| | : **Civil Complaint** |
| CARGILL MEAT SOLUTIONS CORP. | : |
| & | : |
| CARGILL MEAT SOLUTIONS CORP. d/b/a, | : |
| BEEF PACKERS, INC. | : |
| & | : |
| BEEF PACKERS, INC. | : |
| | :**JURY TRIAL DEMANDED** |
| Defendants. | : |

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiffs, Santos Salcido and Guadalupe Alvarez, on behalf of themselves and

other similarly situated employees (hereinafter collectively referred to as "Plaintiffs"),

brings this lawsuit against Defendants, Cargill Meat Solutions Corp, Cargill Meat

Solutions Corp., d/b/a Beef Packers, Inc., and Beef Packers, Inc.. (hereinafter,

collectively referred to as "Defendants") seeking to recover for Defendants' systematic

violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), violations of

the California Labor Code  Sec. 1194 (minimum wage, over time and attorneys' fees),

Sec. 512 (Meal Periods), and for engaging in unfair competition and violating

California's Unfair Competition Law.  Business & Professions Code, Sec. 17200, *et seq*.

Plaintiffs allege, upon information and belief, except as to the allegations that pertain to

the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

## I.        <u>INTRODUCTION</u>

1.        This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Defendants' meat processing facility in Fresno, California,  for the purpose of obtaining relief under California law for, *inter alia*, unpaid wages, unpaid overtime wages, failure to provide meal periods per California law, and for engaging in unfair business practices.  All California claims seek, in addition to actual damages, liquidated damages, costs and attorneys' fees.

2.        The named Plaintiffs also bring a representative action against Defendants under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of themselves and all other similarly situated current and former production and support employees of Defendants' meat processing facilities in Fresno, California for unpaid wages and unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

3.        During the class period in this case, Defendants have failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by California and federal law. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, obtaining and sanitizing sanitary and safety equipment and gear, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and all other activities in connection with these job functions, and walking between work sites after the first compensable work

activity and before the last compensable work activity. These unpaid work activities took place before and after paid time, and during both paid breaks and unpaid lunch breaks.

4.     At all times relevant to this Complaint, upon information and belief, Defendants have refused and failed to pay employees at its Fresno, California meat processing facility, despite the fact that Plaintiffs spend as much as 30-35 minutes or more per day performing uncompensated work activities as described in this Complaint.

## II.     JURISDICTION AND VENUE

5.     Federal question jurisdiction is vested in this court pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), and because they raise a Federal question pursuant to 28 U.S.C. §1331.  This Court is vested with pendent jurisdiction over Plaintiffs state law claims.  This Court also has jurisdiction in this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual  class members exceeds the sum or value of $5,000,000 exclusive of interest and costs .

6.     Venue is proper in their District pursuant to 28 U.S.C. 1391 (b).

## III.     PARTIES

7.     Plaintiff, Santos Salcido, is a resident of Brawley, California.  Plaintiff, Guadalupe Alvarez, is a resident of Fresno, California.

8.     Defendants, Beef Packers, Inc. is a California corporation with a principal place of business of Wichita, Kansas, that operates or previously operated a meat processing facility in Fresno, CA (located in Fresno County, CA). In or about April, 2006, Defendants Cargill purchased this facility from the original Beef Packers, Inc. and announced that Cargill would continue to operate the plant under the "Beef Packers"

name. Defendants Beef Packers can be served with original service of process through its

agent for service, CT Corporation System, 818 West Seventh Street, Los Angeles, CA

90017.

9.     Defendants Cargill Meat Solutions Corporation and Cargill Meat Solutions

Corporation, d/b/a Beef Packers, are Delaware corporations with their principal place of

business of Wayzata, Minnesota.  Both operate a cow slaughter and processing facility

located in Fresno, CA, using the name Beef Packers, Inc.  Both Defendants can be served

with original service of process through its agent for service, CT Corporation System, 818

West Seventh Street, Los Angeles, CA 90017

## IV.     CLASS ACTION ALLEGATIONS

10.     The Named Plaintiffs are individuals who are currently, or were within the

applicable period of limitations prior to the commencement of this action, employed by

Defendants at its meat processing facilities in Fresno, California. This matter

is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule

23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of: current and

former production and support employees of the Defendants meat processing facility

in Fresno, California (the "Class").

11.     Plaintiffs believe that there are at least 1500 present and former production and

support employees in the Class during the relevant Class period of  three years preceding

the date on which the instant action was filed.

12.     Given the size of the facilities involved and the systematic nature of Defendants'

failure to comply with California statutory law, the members of the Class are so numerous

that joinder of all members is impractical.

13.     The Named Plaintiffs' claims are typical of the claims of the Class members

because they are or were hourly production and support workers who, like the Class members, sustained damages arising out of Defendants' unlawful compensation system as described in more detail herein.

14.     Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

15.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiffs and the Class are:

a. Whether the work performed by Plaintiffs and the Class is included in the type of work Defendants employed Plaintiffs and the Class to perform;

b. Whether the work performed by Plaintiffs and the Class is compensable under federal law and/or California state law;

c. Whether Defendants has engaged in a pattern and/or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Class to perform work for Defendants' benefit which was not properly compensated;

d. Whether Defendants has failed to permit full meal and rest periods as required by California law, other applicable regulations, and/or Defendants' stated policies;

e. Whether Defendants has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

f. Whether Defendants has failed to keep true and accurate time records for all hours worked by its employees as required by Defendants' respective policies and federal and state law;

g. Whether Defendants failed to pay Plaintiffs and the Class for all of the work Defendants required them to perform;

h. Whether Defendants violated the California Labor Code  Sec. 1194, et seq., through their practice of not paying their employees for all time worked.

i. Whether the Defendants violated the California Labor Code Sec. 512 by requiring employees to perform work activities during their meal periods.

j. Did the Defendants systematic failure to pay the class for all hours worked constitute unfair competition and thus a continuing violation of California's Business & Professions Code, Sec. 17200, *et seq*

k. The nature and extent of class-wide injury and the measure of damages for the injury.

16.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendants' own employment records.

17.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

19.     Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

20.     The facts and circumstances relating to Defendants' compensation system vis-à-vis production time and employment-related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Fed.R.Civ.P. 23.

## V.      REPRESENTATIVE ACTION ALLEGATIONS

21.     Defendants own/owned and operate/operated a meat processing facility in Fresno, California. The complained of unlawful compensation system at issue in this Complaint has affected Defendants' present and former production and support employees uniformly at these locations. At all times relevant to this Complaint, Defendants have utilized the same compensation system complained about herein.

22.     Under Defendants' wage compensation system, Plaintiffs and Class members who are production employees are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time." Defendants' as a matter of policy and practice, does, and did not, pay their employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing protective equipment and gear, cleaning and sanitizing that equipment, walking to their lockers and/or production line after already performing compensable activities, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies, tools and equipment needed for production line activities. Defendants

also require/required their employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

23.     Pursuant to federal regulations and Defendants' own internal policies and procedures, Plaintiffs and Class members are required to wear special personal protective equipment ("PPE") and gear for protection and sanitary reasons. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, mesh sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings. Most of Defendants' employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury. The PPE and other required gear are also designed to protect the defendants' meat products from contamination by human generated bio hazards.

24.     As a consequence of the compensation system utilized by Defendants, Plaintiffs and Class members are not fully paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk from the supply rooms to their lockers and/or from their lockers to sanitation stations to sanitize the required PPE, walk to production areas and don PPE.

25.     At the beginning of each work day, Plaintiffs and Class members were/are required to report to their lockers to don their uniforms. Production employees must also obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE before paid time begins. Plaintiffs are not paid for any of these work activities.

26.     Pursuant to Defendants' compensation system, employees are not fully compensated for time spent before or after paid time for time spent sharpening their knives with steels and/or or mousetraps.  Having a sharp knife is essential to the safe and efficient performance of butchering activities.

27.     During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and Class members have to remove their PPE, clean their PPE, and then re-don it at the end of breaks. These employees are not paid anything for performing these work activities.

28.     After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, wait in line to wash the PPE, knives and other gear, wash their PPE, knives and gear, walk to their lockers, doff their uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers and/or storage areas.

29.     According to Defendants' compensation system, Plaintiffs and Class Members are not paid during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear (as well as their own bodies), walk to lockers, doff uniforms and stow gear and uniforms.

30.     As a result of Defendants' compensation system, and other practices and policies followed by Defendants, Plaintiffs and Class members are not paid for all of the time that they work presently and they have not been paid for all of the time they have worked for several years.

31.     Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendants' meat processing facility in Fresno, California and who were and/or continue to be deprived of their lawful wages under federal and California state law in the same manner.

32.     Defendants' failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendants knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

33.     Despite their knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendants have refused to fully compensate workers at their Fresno, California facility for any of the time complained of herein.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et seq.
(All Plaintiffs v. All Defendants)

34.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

35.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendants were and are obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

36.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendants, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Plaintiffs assert that the Defendants' refusal to pay for time worked was willful.

37.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are

entitled to reimbursement of the costs and attorneys' fees expended if they are successful

in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against all Defendants:

> A. That this Court permits this action to go forward as a representative action
> Pursuant to 28 U.S.C. § 216(b) and approves notice of this action to all other
> similarly situated at  Defendants' Fresno, California facility.

> B. That this Court Order an accounting of lost wages for Plaintiffs;

> C. That this Court enjoins Defendants from continuing to commit
> unlawful practices related to wages at the Fresno, California beef processing
> facility; and

> D. That this Court award lost overtime wages, liquidated damages, statutory
> penalties, interest, costs and attorney's fees.

## COUNT II
### Violation of The California Labor Code Sec. 1194, et seq.,
(All Class Members v. All Defendants)

38.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth

herein.

39.     Upon information and belief, the Class period for this cause of action is at least

September 14, 2004 to the present.

40.     Pursuant to California Labor Code, 1194, et seq., Defendants were/are required to

pay overtime wages as follows:

> "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight
> hours in one workday and any work in excess of 40 hours in any one workweek
> and the first eight hours worked on the seventh day of work in any one workweek
> shall be compensated at the rate of no less than one and one-half times the regular
> rate of pay for an employee.  Any work in excess of 12 hours in one day shall be
> compensated at the rate of no less than twice the regular rate of pay for an
> employee.  In addition, any work in excess of eight hours on any seventh day of a
> workweek shall be compensated at the rate of no less than twice the regular rate of
> pay of an employee."

*California Labor Code Sec. 510.*

41.     Defendants intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Plaintiffs and class members in violation of the California Labor Code Sec. 1194, et seq.

42.     Defendants are not permitted by state or federal law to withhold or divert any portion of Plaintiffs' and class members' wages that are at issue in this Complaint.

43.     Defendants do not have written authorization from any Plaintiff or class member to withhold, divert or deduct any portion of Plaintiffs' and class members' wages that are at issue in this Complaint.

44.     Pursuant to the California Labor Code, Sec. 1194, et seq., employers such as Defendants who intentionally fail or refuse to pay an employee wages in conformance with the statute shall be liable to the employee for any wages or expenses that were not paid, plus court costs and usual and necessary attorneys fees incurred in recovering the unpaid wages or expenses.

45.     Defendants have violated California state law by failing to pay Plaintiffs and class members for all compensable time and by failing to pay Plaintiffs and class members for all work time, including overtime, at the established rate.

        WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendants:

        A. That this Court enters an Order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23;

        B. That this Court Order an accounting of lost wages for Plaintiffs and all others similarly situated;

        C. That this Court enjoins Defendants from continuing to commit unlawful practices related to wages at the Fresno, California Beef processing facility; and

D. That this Court award lost wages, lost overtime wages, interest, costs and Attorneys' fees.

**COUNT III**
**Violation of The California Labor Code Sec. 512, et seq.,**
(All Class Members v. All Defendants)

46.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

47.     Upon information and belief, the Class period for this cause of action is at least September 14, 2004 to the present.

48.     Pursuant to California Labor Code, 512, et seq., Defendants are required to pay the following penalty for requiring their employees to work during meal and rest periods:

**§  226.7. Mandated meal or rest periods; requirement to work prohibited**

"(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

*California Labor Code Sec. 226.7*

49.     All class members were forced to work during all meal and rest periods, on all work days from September 14, 2004 through the present day.  Defendants intentionally force/forced class members to engage in donning, doffing, walking and other work activities during paid and unpaid rest periods, all in direct violation of California law

50.     Defendants are not permitted by state or federal law to withhold or divert any portion of Plaintiffs' and class members' wages that are at issue in this Complaint.

51.     Defendants do not have written authorization from any Plaintiff or class member to force them to work during paid and unpaid breaks mandated by California and Federal law.

52.     Pursuant to the California Labor Code, Sec. 1194, et seq., employers such as Defendants who intentionally fail or refuse to pay an employee wages in conformance with the statute shall be liable to the employee for any wages or expenses that were not paid, plus court costs and usual and necessary attorneys fees incurred in recovering the unpaid wages or expenses.

53.     Defendants have violated California state law by requiring class members to work during mandatory paid and unpaid breaks.

        WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendants:

        A. That this Court enters an Order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23;

        B. That this Court Order an accounting of lost wages for Plaintiffs and all others similarly situated;

        C. That this Court enjoin Defendants from continuing to commit unlawful practices related to requiring work during paid and unpaid breaks at the Fresno, California Beef processing facility; and

        D. That this Court award one hour per day to each member of the class, for each day worked by respective class members of the class, computed at the respective hourly wage of class members during their tenure of work with the Defendants, for all work days worked from September 14, 2004, through the conclusion of the instant case, or the date on which Defendants cease requiring that class members work during their paid and unpaid breaks, along with attorneys' fees, court costs and interests on unpaid hours.

**COUNT IV**
**Violation of The Unfair Competition Law.  Business & Professions Code, Sec. 17200, et seq.**
(All Class Members v. All Defendants)

54.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

55.    Upon information and belief, the Class period for this cause of action is at least September 14, 2003 to the present.

56.    Defendants have violated the California Business & Professions Code, Sec. 17200, et seq., by deliberately failing to pay their employees for all hours worked, including overtime.

57.    This illegal practice resulted in injury to the class and, indeed, placed the Defendants at a competitive advantage against California Beef Packers who followed obeyed California laws concerning paying employees for all hours worked, including over time.

        WHEREFORE, Plaintiffs and all other similarly situated individuals, pray for the following relief:

        A. That this Court enters an Order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23;

        B. That this Court Order an accounting of lost wages for Plaintiffs and all others similarly situated;

        C. That this Court order full restitution of all unpaid wages and overtime wages to the class, together with interest.


                        Respectfully submitted,


                        /s/ Philip Downey
                        PHILIP A. DOWNEY, ESQUIRE
                        Pennsylvania Bar No. 81603
                        P.O. Box 736
                        Unionville, PA 19375
                        Phone: (610) 324-2848
                        Facsimile: (610) 347-2507
                        E-Mail: downeyjustice@gmail.com

EDWARD VALDEZ
VIVIAN SALDANA VALDEZ
California Bar No. 223083
Law Offices Of Valdez & Valdez
2140 Merced Street, Suite 106
Fresno, CA 93721-1764
Phone: (559) 486-4070
Facsimile: (559) 486-4070
E-Mail: valdezlaw@arrival.net

BRIAN P. MCCAFFERTY, ESQUIRE
Pennsylvania Bar No. 66257
KENNEY EGAN MCCAFFERTY &
        YOUNG LAW FIRM
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610) 940-0284
E-Mail: cafstar@aol.com
**Attorneys for Plaintiffs**

Date: October 27, 2007