IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SANTOS SALCIDO, et al., | CASE NO. CV-F-07-1347 LJO GSA |
|---|---|
| Plaintiffs, | (in consolidation with CV-F-08-0605 LJO GSA) |
| v. | **ORDER ON PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING HEARING FOR FINAL APPROVAL** |
| CARGILL MEAT SOLUTIONS CORP, et al., | |
| Defendants. | |

Pursuant to the Joint Notice of Motion for Preliminary Approval filed on January 27, 2009, the parties in these two class actions have reached a proposed settlement and seek preliminary approval of the proposed Settlement Agreement, the Notice of Proposed Class Action Settlement and the Individual Class member Claim and Opt-in Form. Having considered the Joint Motion and supporting papers, the Settlement Agreement and the Exhibits attached thereto, the Court issues the following Orders:

1. This Order incorporates by reference the definitions in the Settlement Agreement dated January 27, 2009, attached as Exhibit 1 to the parties' Joint Motion for Preliminary Approval ("Settlement Agreement") (Doc. 35) and all terms defined therein shall have the same meaning in this Order as set forth therein.

2. The Court hereby preliminarily approves the Settlement Agreement. The Court preliminarily finds that the Class members are similarly situated and meet the requirements for class certification under F.R.C.P. 23 and as a collective action under 29 U.S.C. §216(b). The Court further preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this court. It appears to the Court that the Settlement Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that

settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of these Actions. Additionally, it appears that the proposed Settlement Agreement was reached as a result of intensive, non-collusive, arms-length negotiations.

3. A hearing ("Fairness Hearing") shall be held before this Court on May 12, 2009 at 8:30 a.m. in Courtroom 4 in the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Actions on the terms and conditions provided is fair, adequate, and reasonable, and should be finally approved by the Court; whether the cases should be dismissed with prejudice pursuant to the terms of the settlement; whether the settlement should be approved as fair, adequate, and reasonable to the Class Members; whether the Court should finally approve an enhancement payment for Santos Salicido, Guadalupe Alvarez, and Christina Barbosa and the amount of attorney fees and costs to be awarded Class Counsel, (1) Schnieder Wallace Cottrell Grayton Konecky, LLP, (2) Berger & Montague, P.C., and (3) The Downey Law Form, LLC.

4. The Court hereby approves, as to form and content, the proposed "Notice of Proposed Class Action Settlement"("Notice;" attached to the Settlement Agreement as Exhibit "A") and the "Individual Class Member Claim and Opt-In Form" (attached to the Settlement Agreement as Exhibit "B"). The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Settlement Agreement meets the requirement of due process under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §216(b); and that such Notice is the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

5. Any class member who wishes to receive a portion of the settlement fund must complete and submit a properly completed Claim Form, pursuant to the instructions for making a claim that are set forth in the Notice. Any class member who does not submit a Claim Form will not be entitled to any recovery, unless the parties agree to allow the late claim.

6. Any class member may choose to "opt-out" of and be excluded from the settlement as provided in the Notice by following the instructions for requesting exclusion from the Settlement Agreement that are set forth in the Notice. Any such person who chooses to "opt out" of and be

excluded from the class will not be entitled to receive any proceeds from this settlement, and will not be bound by this settlement or have any right to object, appeal, or comment thereon.

7. Any class member who has not validly requested exclusion from the class and the Settlement Agreement may appear at the Fairness Hearing and may object or express his/her views regarding the settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court, as provided in the Notice. However, no class member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless the person on or before that day which is 14 days before the hearing has filed with the Clerk of this court, and mailed by first class postage to Class Counsel and Defendant's Counsel: (i) a written statement advising if the individual plans to address the Court at the Fairness Hearing; (ii) a written statement of the individual's objections; and (iii) any other papers which the individual purposes to submit to the Court, including any legal briefs or memoranda. Any such person who does not make an objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the settlement.

8. In the event the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement.

9. For purposes of effectuating this settlement, the Court preliminarily certifies the following Settlement Class:

> All current and former hourly production and support employees of Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc.'s meat-packing facility in Fresno, California between September 14, 2003 and the date of preliminary approval (the "California State Claims Class")
>
> and
>
> All current and former hourly production and support employees of Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef

Packers, Inc., and Beef Packers, Inc.'s meat-packing facility in Fresno, California between September 14, 2004 and the date of preliminary approval (the "FLSA Collective Class").

10. For purposes of effectuating this settlement, the Court hereby appoints Class Counsel as (1) Schnieder Wallace Cottrell Grayton Konecky, LLP, (2) Berger & Montague, P.C., and (3) The Downey Law Form, LLC. Plaintiffs Santos Salicido, Guadalupe Alvarez, Christina Barbosa are appointed as Class Representatives.

12. Rust Consulting, Inc., is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

13. The Court approves a schedule and procedure for completing the final approval as follows:

| CAFA Notice Sent by Claims Administrator | 5 business days after preliminary approval |
|---|---|
| Defendant Provides Class List to the Claims Administrator: | 10 business days after preliminary approval |
| Deposit of Settlement Funds by Defendant with the Claims Administrator, who will deposit the funds into Qualified Settlement Fund: | 20 days after preliminary approval |
| Class Notice and Claim Form Mailed to Class Members: | 25 days after preliminary approval (with reminder postcard mailed 30 days after initial mailing of Class Notice and Claim Form) |
| Attorneys' Fees Motion Filed: | 60 days after preliminary approval |
| Last Day to File Objections and Opt-Out Notices: | 60 days after mailing of Class Notice and Claim Form |
| Last Day to Submit Claim or Opt-In Form for FLSA action: | 180 days after preliminary approval |
| Last Day to File Motion for Final Approval of Settlement: | 81 days after initial mailing of Class Notice and Claim Form |
| Last Day to File Response to Objections (if any): | 81 days after initial mailing of Class Notice and Claim Form |
| Fairness Hearing and Fee Approval Hearing: | 96 days after preliminary approval |
| Payment of Attorneys' Fees: | 30 days after Final Approval (or 3 days if there are no objections) |
| Deadline for Payments of Claims to Class Members and Named Plaintiffs: | 30 days after Final Approval |
| Report on Settlement Administration to Court by Class Counsel (including affidavit by the Claims Administrator): | 180 days after initial mailing of Class Notice and Claim Form |

IT IS SO ORDERED.

Dated:   February 2, 2009                       /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

5