Todd M. Schneider (SBN 158253)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Shanon J. Carson (*admitted pro hac vice*)
Russell Henkin (*admitted pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604

Philip A. Downey (*admitted pro hac vice*)
P.O. Box 736
Unionville, Pennsylvania 19375
Tel: (610) 324-2848
Fax: (610) 347-1073

Attorneys for Plaintiff and the proposed classes

Joseph E. Tilson (*admitted pro hac vice*)
Jeremy J. Glenn (*admitted pro hac vice*)
Jacob M. Rubinstein (*admitted pro hac vice*)
MECKLER BULGER TILSON MARICK &
PEARSON LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel: (312) 474-7900
Fax: (312) 474-7898

Ronald H. Barsamian (SBN 81531)
BARSAMIAN & MOODY
1141 W. Shaw Ave, Ste. 104
Fresno, California 93711
Tel: (559) 248-2360
Fax: (559) 248-2370

Attorneys For Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS SALCIDO and GUADALUPE ALVAREZ,<br><br>and<br><br>CHRISTINA BARBOSA,<br><br>on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>CARGILL MEAT SOLUTIONS CORP., CARGILL MEAT SOLUTIONS CORP. d/b/a BEEF PACKERS, INC., and BEEF PACKERS, INC.,<br><br>    Defendants. | Case Nos. 1:07-CV-01347-LJO-GSA and 1:08-CV-00605-LJO-GSA<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

## SETTLEMENT AGREEMENT AND RELEASE

1.    This Settlement Agreement and Release is entered into by Plaintiffs Santos Salcido, Guadalupe Alvarez and Christina Barbosa ("Plaintiffs"), individually and on behalf of all members of the class and collective action defined herein, and Defendants Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc., subject to the approval of the Court.

## I. DEFINITIONS

2.    As used in this Settlement Agreement, the following terms shall have the following meanings:

a.    "CAFA Notice" refers to the notice to be sent by the Claims Administrator to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b).

b.    "Claims Administrator" means Rust Consulting, Inc.

c.    "Claim Form" means the form provided for Settlement Class Members to submit under penalty of perjury in order to obtain a Settlement Award under this Settlement Agreement, as set forth in Exhibit B attached to this Settlement Agreement.

d.    "Claims Released" with respect to Representative Plaintiffs Santos Salcido, Guadalupe Alvarez, and Christina Barbosa only, means any and all claims, demands, rights, liabilities, penalties, liquidated damages, causes of action and other legal responsibilities, of any form whatsoever, whether based upon federal, state, local, statutory or common law or any other law, rule or regulation, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent, that (a) have accrued prior to the date of preliminary approval of this settlement, and (b) have been or could have been asserted by Representative Plaintiffs, or a successor or assign of Representative Plaintiffs, whether directly, indirectly, representatively, derivatively or in any other capacity, against any of the Released Parties. The Claims Released include, but are not limited to, all claims arising under California Labor Code §§201-203, 204, 210, 218-218.6, 226, 226.3, 226.7, 510, 512, 1174, 1174.5, 1194, 1199, *et seq.*, the California Business and Professions Code §17200, *et seq.*, California Code of Regulations, Title 8, §11080, subs. 3,4,7,9-13,20

(California Industrial Welfare Commission Wage Order No. 8-2001), all claims for penalties pursuant to the Private Attorneys General Act ("PAGA") of 2004, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* and the laws of contract, torts and equity, and including those claims that were asserted or could have been asserted in the California State Claims Class and FLSA Collective Action, and claims that arise out of Representative Plaintiffs' current and/or former employment, or the termination of that employment, prior to the date of preliminary approval of this settlement.

      e.     "Claims Submission Period" means the time period of one hundred eighty (180) days commencing on the date when the Class Notices and the Claim Forms are initially mailed to the Settlement Class, in which Settlement Class Members may submit their executed Claim Forms to receive a Settlement Award under this Settlement Agreement.

      f.     "Class and Collective Action" means the civil actions titled *Salcido, et al. v. Cargill Meat Solutions Corp., et al.,* filed in the United States District Court for the Eastern District of California, 1:07-CV-01347-LJO-GSA; and *Barbosa v. Cargill Meat Solutions Corp., et al.,* pending in the United States District Court for the Eastern District of California, Case No. 1:08-CV-00605-LJO-GSA.

      g.     "Class Counsel" means (i) Schneider Wallace Cottrell Brayton Konecky LLP, (ii) Berger & Montague, P.C., and (iii) The Downey Law Firm, LLC.

      h.     "Class Notice" means the Notice of Proposed Class Action Settlement to be sent to the Settlement Class, pursuant to the terms of the Court's Preliminary Approval Order. The Class Notice shall be substantially in the form attached as Exhibit A to this Settlement Agreement.

      i.     "Defendant" means Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc.

      j.     "Effective Date" means either (a) if no objections are timely filed, the date of Final Approval of this Settlement Agreement by the trial court; (b) if objections are filed but no appeal is filed, the expiration date of the time for filing notice of any appeal from the Order Granting Final Class Action Settlement Approval by the trial court; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of an appeal of that Order, (ii) the expiration of the time for

a petition for writ of certiorari to review the Order if affirmed and, if the certiorari be granted, the date of final affirmance of the Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Order or the final dismissal of any proceeding on certiorari to review the Order that has the effect of confirming the Order.

k.     "Eligible Class Member" means all current and former hourly production and support employees of Defendant's meat-packing facility in Fresno, California between September 14, 2003 and the date of preliminary approval of this Settlement Agreement who either fail to opt-out of the California State Claims Class and/or who opt-in to the FLSA Collective Action. A list of all current and former hourly production and support employees between September 14, 2003 and the date of the preliminary approval of this Settlement Agreement shall be provided by Defendant within five (5) days after preliminary approval.

l.     "Gross Settlement Amount" means the total amount of funds Defendant shall pay in exchange for the release of all Settled Claims by the Representative Plaintiffs and the Settlement Class Members. The Gross Settlement Amount shall be the sum of seven million five hundred thousand dollars ($7,500,000). In no event shall the Gross Settlement Amount exceed that sum, plus the employer's share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members to the extent required by law. Upon a diligent and good faith review of its payroll records, Defendant has determined that as of June 29, 2008, there were 5,467 individuals in the Settlement Class, and has provided documentation to verify this number. The mediation and settlement of this case is based on that figure. The parties understand the final number of individuals in the Settlement Class will be higher due to Class Members who were hired at Defendant's meat-packing facility in Fresno, California between June 30, 2008 and the date of preliminary approval of this Settlement Agreement.

m.     "Implementation Schedule" means the dates agreed upon by counsel for the Parties and approved by the Court for implementing the Settlement Agreement. The Implementation Schedule is set forth in the parties' Motion for Preliminary Approval.

n.     "Net Settlement Amount" means the Gross Settlement Amount less (i) the $30,000 (thirty thousand dollar) enhancement fund set aside for the three (3) Representative

Plaintiffs for their efforts in bringing and prosecuting this matter; (ii) the payment of attorneys' fees to Plaintiffs' counsel, not to exceed one-third of the Gross Settlement Amount; (iii) $66,900.75 in Plaintiffs' counsel's costs of suit; (iv) $150,000 for the Claims Administrator's estimated costs of the settlement administration; and (v) all amounts set aside for payment of any agreed and allowed late claims or unanticipated expenses, which shall not exceed $100,000. As of the date of this Settlement Agreement, the Net Settlement Amount is therefore estimated to be $4,653,099.25.

      o.    "Parties" means the Representative Plaintiffs and Defendant.

      p.    "Released Party" means (i) Defendant; (ii) past or present subsidiaries, divisions, parents, predecessors, successors or assigns of Defendant; and (iii) any past or present officers, agents, employees, advisors, insurers, attorneys, or representatives of Defendant.

      q.    "Representative Plaintiffs" means Santos Salcido, Guadalupe Alvarez and Christina Barbosa (also referred to herein as "Plaintiffs").

      r.    "Settled Claims Under California Law" with respect to the Eligible Class Members in the California State Claims Class (excluding Representative Plaintiffs), means any and all claims asserted on behalf of hourly production and support employees in the Complaints in *Salcido, et al. v. Cargill Meat Solutions Corp., et al.*, filed in the United States District Court for the Eastern District of California, 1:07-CV-01347-LJO-GSA and *Barbosa v. Cargill Meat Solutions Corp., et al.*, pending in the United States District Court for the Eastern District of California, Case No. 1:08-CV-00605-LJO-GSA, whether known or unknown, against the Released Parties by or on behalf of such Eligible Class Members or successors or assigns of any of them (whether directly, indirectly, representatively, derivatively or in any other capacity), accruing any time prior to the entry of the Preliminary Approval Order and arising under the California Labor Code §§201-203, 204, 210, 218-218.6, 226, 226.3, 226.7, 510, 512, 1174, 1174.5, 1194, 1199, the California Business and Professions Code §17200, *et seq.,* and California Code of Regulations, Title 8, §11080, subs. 3, 4, 7, 9-13, 20 (California Industrial Welfare Commission Wage Order No. 8-2001), and all claims for penalties pursuant to the Private Attorney's General Act ("PAGA") of 2004.

s.     "Settled Claims Under The Fair Labor Standards Act," with respect to Eligible Class Members in the FLSA Collective Class (excluding Representative Plaintiffs), means any and all claims asserted on behalf of hourly production and support employees of Defendant between September 14, 2004 and the date of preliminary approval of this Settlement Agreement in the Complaints in *Salcido, et al. v. Cargill Meat Solutions Corp., et al.*, filed in the United States District Court for the Eastern District of California, 1:07-CV-01347-LJO-GSA and *Barbosa v. Cargill Meat Solutions Corp., et al.*, pending in the United States District Court for the Eastern District of California, Case No. 1:08-CV-00605-LJO-GSA, whether known or unknown, against the Released Parties by or on behalf of such Eligible Class Members or successors or assigns of any of them (whether directly, indirectly, representatively, collectively, derivatively or in any other capacity), accruing any time prior to the entry of the Preliminary Approval Order and arising under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

t.     "Settlement Agreement" means this Agreement and all Exhibits attached to it.

u.     "Settlement Award" means the gross payment that each Settlement Class Member shall be entitled to receive pursuant to the terms of the Settlement Agreement if he or she timely submits a valid Claim Form signed under penalty of perjury.

v.     "Settlement Class Member" means all current and former hourly production and support employees of Defendant's meat-packing facility in Fresno, California between September 14, 2003 and the date of preliminary approval of this Settlement Agreement.

w.     "Settlement Fairness Hearing" means the hearing to be requested by the Parties and conducted by the Court, following appropriate notice to the Settlement Class and an opportunity for Settlement Class Members to participate in or exclude themselves from the Settlement Class and the proposed settlement, at which time the Parties will request the Court to approve the fairness, reasonableness and adequacy of the terms and conditions of the proposed settlement and this Settlement Agreement and to enter an Order of Final Approval and Final Judgment.

## II. RECITALS

3.      Plaintiffs Salcido and Alvarez filed their collective action Complaint in the United States District Court for the Eastern District of California on September 14, 2007. Plaintiff Barbosa filed her class-action Complaint in the Superior Court of California for the County of Fresno on April 1, 2008 which was subsequently removed to the United States District Court for the Eastern District of California.

4.      Plaintiffs Salcido and Alvarez hired the law firms of Valdez & Valdez, and Philip A. Downey, Esq. to pursue their legal claims against Defendant. Plaintiff Christina Barbosa hired Berger & Montague, P.C. and Schneider Wallace Cottrell Brayton Konecky LLP to pursue her legal claims against Defendant. In reaching this settlement, Plaintiffs' Counsel have coordinated their efforts to further the best interests of the Class.

5.      On August 27 and again on September 2, 2008, the Parties participated in mediation in San Francisco, California before Michael Loeb, Esq., an experienced mediator. After the conclusion of the second mediation session, the Parties reached a settlement subject to Court approval.

6.      Class Counsel and Counsel for Defendant have made disclosures pursuant to Rule 26, exchanged discovery in the form of documents, pay and time records, investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the claims asserted against Defendant.

7.      Based upon Class Counsel's discovery, investigation, legal evaluation and taking into account the sharply contested legal and factual issues involved, and assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Settlement Class pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of the Representative Plaintiffs and the Settlement Class.

8.      Defendant has asserted defenses to the claims alleged in the Class and Collective Action and expressly denies each of the claims asserted against it and any and all liability arising out of the conduct alleged in the Class and Collective Action. Defendant contends, specifically,

that it has complied at all times with the Fair Labor Standards Act, the California Labor Code, the California Code of Regulations, including applicable Wage Orders, and the California Business and Professions Code, and that it paid the Representative Plaintiffs and Settlement Class Members all wages and other payments owing to them under applicable federal and state law. Defendant nevertheless desires to settle the Class and Collective Action. Defendant has concluded that further defense of the Class and Collective Action would be protracted and expensive. Substantial amounts of time, energy and resources of Defendant have been and unless this settlement is made, will continue to be devoted to the defense of the claims asserted in the Class and Collective Action. Defendant has, therefore, agreed to settle in the manner and upon the terms set forth in this Settlement Agreement in order to put to rest the claims as set forth in the Class and Collective Action. The parties specifically agree that the agreement of the Defendant to settle this matter is not and cannot be construed as an admission of any wrongdoing whatsoever by the Defendant against the Representative Plaintiffs and Settlement Class Members.

9.      For purposes of settling this lawsuit, the Parties stipulate and agree that the requisites for establishing class and collective action certification with respect to the Settlement Class Members as defined above have been and are met. The parties agree that evidence of this limited stipulation for settlement purposes only will not be deemed admissible for any purpose in this or any other proceeding. It is the position of Defendant that if these cases were to be litigated, class certification or collective action treatment would be inappropriate, *inter alia,* because of manageability problems related to individual issues and that it would prevail on the merits.

10.      NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned, that the Class and Collective Action shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

### III.  THE CLASS AND COLLECTIVE ACTION DEFINITIONS

11.      <u>California Class Definition</u>. For settlement purposes only, the Parties agree that the following class may be certified in the Class Action, pursuant to Federal Rule of Civil Procedure 23, defined as: all current and former hourly production and support employees of Defendant's meat-packing facility in Fresno, California between September 14, 2003 and the date of

preliminary approval of this Settlement Agreement, for the purpose of Plaintiffs' claims for alleged unpaid straight time, overtime, meal and rest period, and record-keeping claims, wage-hour penalties and interest on those amounts as alleged in the Complaints (the "California State Claims Class").

12.     FLSA Collective Class.  For settlement purposes only, the Parties agree that this action also may be certified as a Fair Labor Standards Act collective action pursuant to 29 U.S.C. §216(b), defined as all current and former hourly production and support employees of Defendant's meat-packing facility in Fresno, California between September 14, 2004 and the date of preliminary approval of this Settlement Agreement, for the purpose of Plaintiffs' claims for unpaid overtime, liquidated damages, and interest alleged in the Complaints under the Fair Labor Standards Act (the "FLSA Collective Class").

13.     Null and Void Absent Court Approval. If this Settlement Agreement and the settlement terms it memorializes are not finally approved by the Court, the agreements for class and collective action certification contained herein shall become null and void, and any Court order certifying such classes shall be vacated without prejudice to the right of the Parties to seek or oppose certification.

## IV. RELEASES

14.     Release by Representative Plaintiffs and Eligible Class Members.  It is hereby agreed, by and between the Representative Plaintiffs, Eligible Class Members and Defendant, through their respective counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, and without admission of any liability or wrongdoing whatsoever by Defendant, that upon entry of the Order and Final Judgment:

a.     Representative Plaintiffs shall be deemed to have released and forever discharged the Released Parties from any and all Claims Released, whether known or unknown.

REPRESENTATIVE PLAINTIFFS ADDITIONALLY EXPRESSLY WAIVE ANY AND ALL RIGHTS THEY HAVE UNDER SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA, WHICH PROVIDES:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR"

NOTWITHSTANDING THE PROVISIONS OF SECTION 1542, AND FOR THE PURPOSE OF IMPLEMENTING A COMPLETE RELEASE AND DISCHARGE, REPRESENTATIVE PLAINTIFFS EXPRESSLY ACKNOWLEDGE THAT THIS SETTLEMENT AGREEMENT IS INTENDED TO INCLUDE IN ITS EFFECT, WITHOUT LIMITATION, CLAIMS AND CAUSES OF ACTION WHICH THEY DO NOT KNOW OF OR SUSPECT TO EXIST IN THEIR FAVOR AT THE TIME OF EXECUTION HEREOF AND THAT THIS AGREEMENT CONTEMPLATES THE EXTINGUISHMENT OF ALL SUCH CLAIMS AND CAUSES OF ACTION.

      b.    Each Eligible Class Member in the California State Claims Class who at the time Notice is given to the Settlement Class Members is sent Notice shall be bound by all terms of the Settlement Agreement and Order Finally Approving Settlement Agreement and Final Judgment and shall be deemed to have jointly and severally discharged the Released Parties from any and all Settled Claims Under California Law, whether known or unknown, accruing any time prior to the date of preliminary approval of the Settlement Agreement, unless he or she timely opts out of the Settlement Agreement.

WITH RESPECT TO THE CLAIMS RELEASED, AS DEFINED IN PARAGRAPH 2(D), ELIGIBLE CLASS MEMBERS OF THE CALIFORNIA STATE CLAIMS CLASS ADDITIONALLY EXPRESSLY WAIVE ANY AND ALL RIGHTS THEY HAVE UNDER SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA, WHICH PROVIDES:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR"

NOTWITHSTANDING THE PROVISIONS OF SECTION 1542, AND FOR THE PURPOSE OF IMPLEMENTING A COMPLETE RELEASE AND DISCHARGE OF THE CLAIMS RELEASED, AS DEFINED IN PARAGRAPH 2(D), ELIGIBLE CLASS MEMBERS EXPRESSLY ACKNOWLEDGE THAT THIS SETTLEMENT AGREEMENT IS INTENDED TO INCLUDE IN ITS EFFECT, WITHOUT LIMITATION, CLAIMS RELEASED, AS DEFINED IN PARAGRAPH 2(D), WHICH THEY DO NOT KNOW OF OR SUSPECT TO EXIST IN THEIR FAVOR AT THE TIME OF EXECUTION HEREOF AND THAT THIS AGREEMENT CONTEMPLATES THE EXTINGUISHMENT OF ALL SUCH CLAIMS.

      c.     Each Eligible Class Member of the FLSA Collective Class, who elects to participate and submits a timely and valid Claim Form (and does not timely opt out of the California State Claims Class) shall be deemed to have jointly and severally released and forever discharged the Released Parties from any and all Settled Claims under the Fair Labor Standards Act, whether known or unknown.

WITH RESPECT TO THE CLAIMS RELEASED, AS DEFINED IN PARAGRAPH 2(D), ELIGIBLE CLASS MEMBERS OF THE FLSA COLLECTIVE CLASS ADDITIONALLY EXPRESSLY WAIVE ANY AND ALL RIGHTS THEY HAVE UNDER SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA, WHICH PROVIDES:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR"

NOTWITHSTANDING THE PROVISIONS OF SECTION 1542, AND FOR THE PURPOSE OF IMPLEMENTING A COMPLETE RELEASE AND DISCHARGE OF THE CLAIMS RELEASED, AS DEFINED IN PARAGRAPH 2(D), ELIGIBLE CLASS MEMBERS OF THE FLSA COLLECTIVE CLASS EXPRESSLY ACKNOWLEDGE THAT THIS SETTLEMENT AGREEMENT IS INTENDED TO INCLUDE IN ITS EFFECT, WITHOUT LIMITATION,

CLAIMS RELEASED, AS DEFINED IN PARAGRAPH 2(D), WHICH THEY DO NOT KNOW OF OR SUSPECT TO EXIST IN THEIR FAVOR AT THE TIME OF EXECUTION HEREOF AND THAT THIS AGREEMENT CONTEMPLATES THE EXTINGUISHMENT OF ALL SUCH CLAIMS.

        d.   <u>Release Language on Settlement Checks.</u>  Defendant shall be entitled to include the following release language on the back of each settlement check:

> My signature or negotiation of this check constitutes a full and complete release of Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc., their parent, affiliated and related entities, their predecessors, and their officers and employees, by me for any and all claims I agreed to settle by submitting a claim form to participate in the settlement of *Salcido, et al. v. Cargill Meat Solutions Corp., et al.*, filed in the United States District Court for the Eastern District of California, 1:07-CV-01347-LJO-GSA; and *Barbosa v. Cargill Meat Solutions Corp., et al.*, pending in the United States District Court for the Eastern District of California, Case No. 1:08-CV-00605-LJO-GSA, up to and including the date of preliminary Court approval of the settlement, as well as my acknowledgment that I accept this check as payment in full for all California State Law and Fair Labor Standards Act claims alleged on my behalf in those Complaints.

## V.   <u>CLASS NOTICE, CLAIMS PROCESS AND SETTLEMENT FAIRNESS HEARING</u>

      15.   <u>Procedures</u>. As part of this Settlement Agreement, the Parties agree to the following procedures for requesting the Court's preliminary approval of the Settlement Agreement, certifying the Settlement Class, notifying the Settlement Class, requesting final Court approval of the Settlement Agreement and processing the Settlement Awards:

16.     <u>Preliminary Approval Hearing Date</u>.  The Parties will file with the Court a Joint Motion for Preliminary Approval of Settlement and Provisional Certification of a Settlement Class and shall appear for a hearing if the Court so orders.

17.     <u>Submission of Settlement Agreement</u>.  The Parties will jointly submit this Settlement Agreement and supporting papers, which shall set forth the terms of this settlement and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement Agreement.

18.     <u>Request for Preliminary Approval Order</u>.  Solely for purposes of this Settlement Agreement, the Parties will request the Court to enter a Preliminary Approval Order, preliminarily approving the proposed settlement, certifying the Settlement Class for settlement purposes only, and setting a date for the Settlement Fairness Hearing.  The Preliminary Approval Order shall provide for notice of the Settlement Agreement and related matters to be sent to the Settlement Class as specified herein.  Within five (5) business days after the entry of the Preliminary Approval Order the Claims Administrator will give notice to the affected states and the Attorney General pursuant to CAFA.

19.     <u>Class Notice</u>.  Notice of the settlement shall be provided to the Settlement Class. The Parties believe and agree that the proposed procedures for notice provide the best practicable notice to the Settlement Class:

a.     The Claims Administrator shall be responsible for preparing, printing and mailing to all Settlement Class Members the Class Notice and Claim Form attached to this Settlement Agreement as directed by the Court.

b.     No later than the date specified in the Implementation Schedule, Defendant shall provide to the Claims Administrator the last-known addresses, telephone numbers, and social security numbers of the Settlement Class Members.

c.     In order to provide the best notice practicable, the Claims Administrator will do the following before mailing the Class Notice and Claim Form: (1) run this class list through the United States Postal Service's National Change of Address database ("NCOA"); and (2) perform address searches using public and proprietary electronic resources which collect their data from

various sources such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus.

      d.     No later than the date specified in the Implementation Schedule, the Claims Administrator shall send a copy of the Class Notice substantially in the form attached hereto as Exhibit A, and a Claim Form substantially in the form attached hereto as Exhibit B, to all members of the Settlement Classes via first-class mail, postage prepaid, using the most current mailing address information available as set forth above.

      e.     Any Class Notice returned to the Claims Administrator as non-delivered before the deadline set forth in the Implementation Schedule for Class Members to mail Claim Forms shall be sent to the forwarding address affixed thereto.  If no forwarding address is provided for a Class Notice that is returned as non-delivered, then such Class Notices will be re-sent by the Claims Administrator after the address is updated using the procedures described in paragraph 19.c.  The undelivered Class Notices will be re-sent within five (5) days after the Claims Administrator receives notice that the Class Notice was undeliverable.  The Claims Administrator shall also call last-known telephone numbers (and telephone numbers updated through public and proprietary databases) of Settlement Class Members whose Class Notice is returned as non-delivered to obtain their current addresses.  For a period not to exceed 180 days from the date specified in the Implementation Schedule for the initial mailing of the Class Notice and Claim Form, the Claims Administrator will continue to use reasonable efforts to obtain current addresses for Settlement Class Members whose Class Notice and Claim Form are returned as non-deliverable, and Claim Forms received within said 180 day period shall be deemed timely.

      f.     The objection deadline shall not be extended *pro-rata* for members of the Settlement Class whose original notices are re-mailed pursuant to Paragraph 19.e.

      g.     The Claims Administrator shall send a reminder postcard, based on the language of the Class Notice, to all Settlement Class Members who have not submitted Claim Forms, Notices of Objection, or Requests for Exclusion within 30 (thirty) days after the mailing of the notice.

h.     The Claims Administrator shall also publish the Class Notice for one day in the *Fresno Bee* and *Vida en el Valle*, the Central Valley's largest Spanish language newspaper.

i.     No Settlement Class Member shall have the right to obtain any payment through this Settlement Agreement unless the Class Member submits a completed Claim Form, signed under penalty of perjury, on or before the deadline set forth in the Implementation Schedule, except to the extent that the Claims Administrator, upon agreement by all counsel, determines that there is good cause to extend the date for mailing a particular Claim Form, or to the extent that the Court finds good cause to extend the date for mailing a particular Claim Form.

j.     Should the Court grant the Motion for Preliminary Approval, Class Counsel will also describe the terms of the settlement on their websites to assist Settlement Class Members in understanding their rights under the Settlement Agreement and any such description shall be consistent with the terms and provisions of this Settlement Agreement.

20.     <u>Requests for Exclusion</u>.   The Class Notice shall provide that Settlement Class Members who wish to exclude themselves from the settlement must submit a written statement requesting exclusion from the settlement ("opt-out"), postmarked on or before the date specified in the Implementation Schedule.  Such written request for exclusion must contain the name, address and telephone number of the person requesting exclusion and the years of his or her employment by Defendant.  The opt-out must be personally signed by the Settlement Class Member who seeks to opt out.  No opt-out request may be made on behalf of a group of Settlement Class Members.  The opt-out request must be sent by mail to the Claims Administrator and must be timely postmarked as set forth above, except that the Claims Administrator may, upon consultation with counsel for all Parties and good cause shown, extend the due date for mailing the opt-out request.  The postmark date of the mailing envelope shall be the exclusive means used to determine whether a request for exclusion (opt-out) has been timely submitted.  Any Settlement Class Member who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.

21.     <u>Objections</u>.   The Class Notice shall provide that those members of the Settlement Class who wish to object to the settlement must mail a written statement of objection on or before

the date set forth in the Implementation Schedule to the Claims Administrator. The postmark date of the mailing shall be the exclusive means for determining that a Notice of Objection is timely. The Notice of Objection must state the basis for the objection. Members of the Settlement Class who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

22.    <u>No Encouragement of Objections or Appeals</u>. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the Settlement Class to submit written objections to the settlement or appeal from the Order and Final Judgment.

23.    <u>Determination of Settlement Award Eligibility</u>.

a.    <u>Submission of Valid Claim Form</u>. All Settlement Class Members who submit a valid and timely Claim Form will be eligible to receive a Settlement Award. A Claim Form will be considered timely if it is postmarked no later than the date specified in the Implementation Schedule. The Claim Form shall include instructions on how to submit the form, and shall notify recipients that the form must be completed, signed under penalty of perjury and postmarked by no later than the date specified in the Implementation Schedule. The Claim Form shall also include the number of weeks worked by the Settlement Class Member and the estimated Settlement Award to be paid to the Settlement Class Member, which shall be based upon the current estimated Net Settlement Amount as set forth in Paragraph 2(n) above.

b.    <u>Late Claim Forms</u>. Claim Forms submitted by Settlement Class Members which are postmarked subsequent to the date set forth in the Implementation Schedule shall be forwarded by the Claims Administrator to Class Counsel and Defendant's counsel. Counsel for the Parties shall meet and confer regarding the validity of those Claim Forms, and those Claim Forms shall be deemed valid if counsel for the Parties so agree.

24.    <u>Interim Report by the Claims Administrator</u>. No later than seven (7) days prior to the date of the Settlement Fairness Hearing, the Claims Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Class Notice; (b) the total number of Settlement Class Members who were sent the Class Notice; and (c) the total

number of Settlement Class Members who filed timely requests for exclusion or objections to the settlement, along with the complete copies of all requests for exclusion and objections received, including the postmark dates for each request for exclusion or objection.

25. <u>Settlement Fairness Hearing</u>. After expiration of the deadline for requesting exclusion from or objecting to the settlement as set forth in the Implementation Schedule, the Court shall conduct a Settlement Fairness Hearing to determine final approval of the settlement along with the amounts properly payable for (i) attorneys' fees and costs; (ii) the payments to Representative Plaintiffs for their time and effort in bringing and prosecuting this matter, and (iii) the costs of administration of the settlement. Upon final approval of the settlement by the Court at or after the Settlement Fairness Hearing, the Parties shall present the Final Order to the Court for its approval and entry. After entry of the Order, the Court shall have continuing jurisdiction for purposes of addressing (i) settlement administration matters; (ii) such post-Final Order matters as may be appropriate under Court rules or as set forth in this Settlement Agreement; and (iii) ruling on the stipulated request for dismissal of entire action with prejudice when all aspects of the settlement have been consummated.

26. <u>Implementation Schedule</u>. The Representative Plaintiffs and Defendant agree that the Implementation Schedule shall govern implementation of the Settlement Agreement, and that the dates set forth in the Implementation Schedule shall only be continued based on (1) the mutual consent of counsel for the Parties, (2) delays due to the Court's schedule, or (3) by Order of the Court.

### VI. SETTLEMENT FUNDS AND SETTLEMENT AWARD CALCULATION

27. <u>Gross Settlement Amount</u>.

a. <u>Deposit</u>. Twenty (20) days after Preliminary Approval and subject to the conditions specified in this Settlement Agreement, Defendant shall deliver to the Claims Administrator the Gross Settlement Amount of seven million five hundred thousand dollars ($7,500,000). Upon receipt by the Claims Administrator, the Gross Settlement Amount shall be transferred immediately into a Qualified Settlement Fund pursuant to Internal Revenue Code Section 1.468B-1. Also within twenty (20) days of the Preliminary Approval Date, Defendant

shall execute an election statement provided by the Claims Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund. No party shall have any further obligation or liability for any payment under this Agreement to Representative Plaintiffs or to the Eligible Class Members.

      b.  <u>Disbursement by Claims Administrator</u>. All disbursements shall be made from the Qualified Settlement Fund account. The Claims Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund Account. The Claims Administrator shall have the obligation to return the entire Qualified Settlement Fund (including all income and/or interest generated by the Qualified Settlement Fund) to Defendant at Defendant's election, less any amount for payment for work done by the Claims Administrator, in the event of failure or revocation of settlement, as defined in Paragraph 36, or in the event that this Settlement Agreement: (i) does not receive preliminary approval; (ii) does not receive final approval of the Court; (iii) is modified or reversed on appeal; or (iv) is otherwise rendered null and void.

      c.  Interest. The interest on the funds deposited by Defendant will inure *pro rata* to the party to whom the underlying funds are ultimately paid out.

    28.    <u>Order of Payments</u>. Before any Settlement Awards are paid to Eligible Class Members who timely submit valid Claim Forms, the Claims Administrator shall make payments from the Qualified Settlement Fund pursuant to Paragraph 29 below for (a) the enhancement fund for the Representative Plaintiffs for their efforts in bringing and prosecuting this matter; (b) the attorneys' fees and costs to Class Counsel awarded by the Court; (c) the costs of administration of this settlement by the Claims Administrator; and (d) the amount to be set aside for any agreed or allowed late claims or unanticipated expenses. Once the payments designated above have been made, the balance remaining shall constitute the Net Settlement Amount from which Settlement Awards shall be calculated.

    29.    <u>Representative Plaintiffs, Class Counsel, Costs of Administration, and Hold-Back Fund</u>. Subject to Court approval and for purposes of effectuating this Settlement Agreement, the following amounts shall be paid by the Claims Administrator from the Gross Settlement Amount:

a.     Enhancement Payment for Representative Plaintiffs.    Subject to Court approval and in exchange for the release of all Claims Released, an enhancement fund in the amount of $30,000 (thirty thousand dollars), allocated at $10,000 (ten thousand dollars) each, for the three named plaintiffs, will be set aside for the Representative Plaintiffs for their efforts in bringing and prosecuting this matter. The Qualified Settlement Fund shall issue a Form 1099 for these payments.

b.     Class Counsel.

(i)     Pursuant to Fed.R.Civ.P. 23(h), Class Counsel shall make a motion for reasonable attorneys' fees and costs incurred by Class Counsel. The reasonable attorneys' fees requested by Class Counsel shall not exceed one-third of the Gross Settlement Amount, or two million five hundred thousand dollars ($2,500,000). These amounts will compensate Class Counsel for work already performed in this case and all of the work remaining to be performed in this case, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented and obtaining dismissal of the action. Said fees and costs are included in the Gross Settlement Amount.

(ii)     Defendant and its attorneys agree not to oppose any application or motion by Class Counsel for attorneys' fees and costs up to those amounts, so long as any such application or motion is consistent with the provisions of this Settlement Agreement, and Class Counsel agrees not to petition the Court for any additional payments for fees, costs or interest.

(iii)     The Claims Administrator shall pay the attorneys' fees and costs set forth above in Paragraph 29.b from the Qualified Settlement Fund on the first business day following the Effective Date.

(iv)     The attorneys' fees and costs approved by the Court pursuant to Paragraph 29.b shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Class and Collective Action incurred on behalf of the Representative Plaintiff and/or the Settlement Class, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of

the Representative Plaintiffs and/or the Settlement Class. Class Counsel further agrees that any allocation of fees between or among Class Counsel and any other attorney representing a Representative Plaintiff and/or the Settlement Class shall be the sole responsibility of Class Counsel, and Class Counsel agrees to indemnify and hold harmless Defendant from any claim or liability by any other party claiming or seeking to claim any attorney fees or costs.

(v)     A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to Class Counsel. Class Counsel agrees to indemnify and hold harmless Defendant and the Qualified Settlement Fund from any claim or liability for taxes, penalties or interest for which Class Counsel is responsible as a result of the payment or any allocation of the payment made to Class Counsel.

c.     Costs of Administration.     Neither the Settlement Class nor Class Counsel shall have any responsibility or liability with respect to any administration costs incurred in connection with the administration of, and the distribution from, the Net Settlement Amount. All fees, costs, expenses and other claims administration by the Claims Administrator shall be paid from the Gross Settlement Amount as set forth in this Settlement Agreement. The Claims Administrator shall, no later than ten days after the Parties file their Joint Motion for Preliminary Approval of Settlement, provide the Court and counsel for the Parties with an estimate of such costs of administration (which at this time are not expected to exceed one hundred and fifty thousand dollars ($150,000.00)). Seven days prior to the Settlement Fairness Hearing, the Claims Administrator shall provide the Court and counsel for the Parties with a statement detailing the costs of administration. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement.

d.     In order to ensure the proper administration of this Settlement Agreement, one hundred thousand dollars ($100,000) shall be allocated from the Gross Settlement Amount for payment of any agreed and allowed late claims or unanticipated expenses. In the event this amount is not exhausted by the payment of late claims and unanticipated expenses, the

unexhausted amount will be donated in equal parts to The United Way of Fresno County and the Employment Law Center of the Legal Aid Society. Class Counsel may identify themselves to the charities but they shall not disclose to the charities that Defendant was involved in these payments in any way. The charities shall be told only that they were the designated cy pres recipient from a class action settlement in the State of California.

30. <u>Settlement Awards to Eligible Class Members</u>. Solely for purposes of effectuating this Settlement Agreement and in exchange for the release of Settled Claims, an Eligible Class Member or Representative Plaintiff who submits a timely and properly completed Claim Form (as set forth in the attached Exhibit B) to the Claims Administrator shall be paid a Settlement Award from the Net Settlement Amount. The Claims Administrator, subject to Court approval, shall be responsible for receiving and reviewing the Claim Forms submitted by members of the Settlement Classes and for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members. The Claims Administrator will receive or have access to personnel and payroll records from Defendant that will permit it to verify each Eligible Class Member's Settlement Award as follows:

a. The Claims Administrator will verify the number of weeks worked by each Settlement Class Member between September 14, 2003 and the date of preliminary approval of this Settlement Agreement. For this purpose, Eligible Class Members of the FLSA Collective Class shall be treated the same as Eligible Class Members of the California State Claims Class in terms of calculating individual Settlement Awards. It is agreed and understood, however, that once an individual qualifies as a Settlement Class Member, he/she shall be entitled to recover only a single Settlement Award and shall not receive a double recovery as a member of both the California State Claims Class and the FLSA Collective Class.

b. The Claims Administrator will calculate an award for each Settlement Class Member as follows:

(i) Settlement Class Members will be divided into two categories based upon whether they were required to wear mesh protective clothing

and equipment as part of their jobs (the "Mesh Group" and the "Non-Mesh Group");

(ii)    Each Mesh Group Settlement Class Member's total weeks worked during the period between September 14, 2003 and the date of preliminary approval of this Settlement Agreement will be multiplied by three (3) to determine his or her settlement share, and each Non-Mesh Group Settlement Class Member's total weeks worked will be multiplied by one (1) to determine his or her settlement share;

(iii)   The sum of the settlement shares for both of the Groups will constitute the total settlement shares for the Settlement Class Members;

(iv)    Each Settlement Class Member's settlement share will be divided by the total settlement shares.  That ratio will then be multiplied by the Net Settlement Amount to determine each Settlement Class Member's Settlement Award.

c.      Where a Settlement Class Member has worked in both mesh and non-mesh-wearing job classifications, their settlement share shall be figured independently for the time that the Settlement Class Member spent working in each classification.

d.      Settlement Awards shall be paid to Eligible Class Members no later than the date specified in the Implementation Schedule.

e.      All parties agree that fifty percent (50%) of each Settlement Award shall be treated as back wages paid by Defendant to each Eligible Class Member.  Accordingly, on each Settlement Award, the Claims Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to fifty percent (50%) of each Settlement Award distributed, and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts.  Defendant shall pay these taxes, which amount shall be deposited into the Qualified Settlement Fund after the Settlement Awards are mailed to Eligible Class Members on the date specified in the Implementation Schedule, in addition to the $7,500,000

constituting the Gross Settlement Amount. Amounts withheld will be remitted by the Claims Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining fifty percent (50%) of each such Settlement Award shall be treated by all parties as non-wage penalties and liquidated damages, to be reported to the Eligible Class Member on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendant shall cooperate with the Claims Administrator to provide payroll tax information to the Claims Administrator as shall be necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

       f.      All eligibility and Settlement Award determinations shall be based on personnel and payroll records that Defendant will make available as needed to the Claims Administrator. There is a rebuttable presumption that Defendant's personnel and payroll records are correct, but Eligible Class Members will have the opportunity, should they disagree with Defendant's records, to provide documentation and/or an explanation to show contrary employment dates. As provided in Paragraph 23.a, each Claim Form will contain the number of weeks worked by, and an estimated Settlement Award for, the Settlement Class Member to whom it is sent. If there is a dispute or contrary evidence, the Claims Administrator shall evaluate and make a determination based on all the information provided. Prior to rejecting an Eligible Class Member's documentation or explanation of disagreement, the Claims Administrator shall provide notice of the issue to Class Counsel and Defendant's Counsel and at least seven (7) days for them to propose an amicable resolution of the issue through meet and confer. The Claims Administrator's decision regarding the weeks worked will be final. The Claims Administrator will notify the Eligible Class Member, Class Counsel and Defendant's Counsel by mail of its decision. If the Claims Administrator determines that the Eligible Class Member's estimate of weeks worked is correct, that change will be reflected in the Eligible Class Member's Settlement Award. If the Claims Administrator does not agree with the Eligible Class Member's contention about weeks worked, that Eligible Class Member will have twenty-one (21) calendar days from the date of the postmark on that letter from the Claims Administrator to opt out of the settlement.

g. The Claims Administrator shall provide Class Counsel with its calculations of the number of weeks worked by, and the approximate Settlement Award to, each Settlement Class Member at least five (5) business days before the Settlement Awards are provided to the Settlement Class Members.

h. The Parties may seek review of a determination of the Claims Administrator or other dispute regarding the interpretation or implementation of the Settlement Agreement by the Court after the Parties confer in good faith in an effort to resolve any disagreement. Matters shall be brought to the Court's attention in the form of a joint letter brief not to exceed 10 (ten) single-spaced pages. The Court may order discovery necessary to resolve the disagreement for good cause shown. If Class Counsel represents an Eligible Class Member in an eligibility determination for which review by the Court is sought, the Court may award reasonable attorneys' fees and costs incurred in that review to the prevailing party under the standards set forth in *Christianburg Garment Co. v. Equal Employment Opportunity Commission* (1978) 434 U.S. 412.

i. The Claims Administrator shall pay all Settlement Awards no later than the date specified in the Implementation Schedule.

j. All checks for Settlement Awards shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed by an Eligible Class Member within that time, at which time the Eligible Class Member's right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed shall be distributed to the charities set forth in paragraph 31. The Claims Administrator will include with the checks a letter in English and Spanish stating that the check must be cashed or deposited within 180 days or it will be cancelled.

k. The aggregate amount of the Settlement Awards to Eligible Class Members shall not under any circumstances exceed the Net Settlement Amount. Other than to the Representative Plaintiffs as set forth herein, Defendant shall have no obligation to pay any amounts to Eligible Class Members in excess of approved claims for Settlement Awards as calculated in accordance with this Settlement Agreement.

l.      The back pay portion of Settlement Awards to the Eligible Class Members will be treated as wages subject to W-2 reporting and, therefore, normal payroll taxes and withholdings will be deducted by the Claims Administrator pursuant to state and federal law and remitted to the appropriate governmental authorities.  Defendant also will pay the employer's portion of FICA and FUTA payroll taxes on back pay portion of the Settlement Awards; those amounts will not be deducted from the payments to Eligible Class Members or the Gross Settlement Amount.

31.     Any portion of the Net Settlement Amount that is not claimed by Settlement Class Members shall be paid in equal parts to The United Way of Fresno County and the Employment Law Center of the Legal Aid Society.  Class Counsel may identify themselves to the charities but they shall not disclose to the charities that Defendant was involved in these payments in any way. The charities shall be told only that they were the designated cy pres recipient from a class action settlement in the State of California.

32.     <u>Completion of and Report on Settlement Administration</u>.  The Claims Administrator shall keep counsel for the Parties apprised of all distributions from the Net Settlement Amount. Administration of the settlement shall be completed on or before the date specified in the Implementation Schedule.   Upon completion of administration of the settlement, the Claims Administrator shall provide written certification of such completion and provide proof of payment to the Court and counsel for the Parties.  The Claims Administrator also shall furnish counsel for the Parties with a report showing the names, amounts and dates of each payment.

33.     <u>Date of Distribution</u>.   In no event shall there be any distribution from the Net Settlement Amount to any Representative Plaintiff or Eligible Class Member until after the Effective Date.

34.     <u>No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement</u>.  No person shall have any claim against Defendant or any of the Released Parties, the Representative Plaintiffs, the Settlement Class, Class Counsel or the Claims Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## VII.  DISPUTE RESOLUTION

35.     Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

      a.     If the Representative Plaintiffs or Class Counsel, on behalf of the Representative Plaintiffs or any Settlement Class Member, or Defendant at any time believe that the other party has breached or acted contrary to the Settlement Agreement, that party shall notify the other party in writing of the alleged violation.

      b.     Upon receiving notice of the alleged violation or dispute, the responding party shall have ten (10) days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation.

      c.     If the response does not address the alleged violation to the initiating party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) days to resolve their differences.

      d.     If Class Counsel and Defendant are unable to resolve their differences after twenty (20) days, either party may file an appropriate motion for enforcement with the Court. The briefing of such motion should be in letter brief form and shall not exceed five (5) single-spaced pages (excluding exhibits).

      e.     Reasonable attorney's fees and costs for work done in resolving a dispute under this Section may be recovered by any party that prevails under the standards set forth in *Christianburg Garment Co. v. Equal Employment Opportunity Commission* (1978) 434 U.S. 412.

## VII.  FAILURE OF SETTLEMENT; APPELLATE REVIEW

36.     <u>Effect of Revocation or Failure of Settlement</u>.  In the event that the settlement does not become final for any reason, this Settlement Agreement shall be null and void and any order entered by the Court in furtherance of this settlement shall be treated as void *ab initio*.  In such a case, the Parties shall return to the status quo as if the Parties had not entered into this Settlement Agreement.  In addition, in such event, the Settlement Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties, and all evidence relating to the Settlement Agreement and all negotiations shall not be

admissible or discoverable in the Class Action or otherwise. In addition, any funds used or to be used to pay Settlement Awards, the time and effort payments to the Representative Plaintiffs, and attorneys' fees and costs to Class Counsel shall be returned to their respective status as of the date and time immediately prior to the execution of this Settlement Agreement, and the parties shall proceed in all respects as if this Settlement Agreement had not been executed. The Claims Administrator will be paid by Defendant for its costs through the date it is notified that the settlement will not proceed.

37.     Impact of Appellate Review.  In the event an appeal is filed from any of the Court's Orders, or any other appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed pending final resolution of the appeal or other appellate review, except that the Claims Administrator will be paid by Defendant its costs through the date it is notified that the settlement has been stayed by appellate review.

## IX.  MISCELLANEOUS

38.     The Parties agree to diligently prepare and execute this Settlement Agreement and the Motion for Preliminary Approval of Settlement.  The statute of limitations for any of the Settled Claims for any Settlement Class Member shall be tolled until ten (10) days after the failure of this Settlement Agreement for any reason.

39.     No Admission of Liability or Wrongdoing.  Defendant denies any and all claims alleged in the Class Action and deny all wrongdoing and liability whatsoever.  This Settlement Agreement is not a concession or admission, and shall not be used against Defendant as an admission or indication with respect to any claim of any fault, concession or omission by Defendant.  Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be: (i) construed as, offered or admitted in evidence as, received as, or deemed to be, evidence for any purpose, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed or referred to for any purpose, or offered or received in evidence, in any further proceeding in the Class and Collective

Action, or any other civil, criminal or administrative action or proceeding against Defendant except for purposes of settling this Class and Collective Action pursuant to this Settlement Agreement. The limitations set forth in this paragraph do not apply to use and/or disclosure by Defendant against members of the Settlement Class, or by members of the Settlement Class against Defendant.

40. <u>No Publicity</u>. The Parties and their counsel agree that they will not issue any press releases or hold any press conferences or initiate any contact with the press, media or any industry association about this case and/or the fact, amount or terms of the Settlement. If the Parties or their counsel are contacted by the press, media or any industry association, they will respond only that the case has been amicably resolved to the parties' mutual satisfaction.

41. <u>Various Proceedings Stayed</u>. The Parties agree to hold all proceedings in the Class Action, except such proceedings as may be necessary to implement and complete the Settlement Agreement, in abeyance pending the Settlement Fairness Hearing to be conducted by the Court.

42. <u>Use of Defendant's Data and Documents</u>. The Representative Plaintiffs and Class Counsel agree that none of the documents provided to them by Defendant shall be used for any purpose other than the mediation of this Class and Collective Action. Furthermore, should Representative Plaintiffs or their counsel have any originals or copies of documents of Defendant, Representative Plaintiffs and their counsel agree to destroy or return such originals and copies of documents via Class Counsel upon the Effective Date of the settlement.

43. <u>Defense Fees and Costs</u>. All of Defendant's own attorneys' fees and legal costs and expenses incurred in the Class Action shall be borne by Defendant from Defendant's separate funds and not from the Gross Settlement Amount.

44. <u>Amendment or Waiver Only in Writing</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest. No rights hereunder may be waived except in writing.

45. <u>Entire Agreement</u>. This Settlement Agreement and any attached Exhibits constitute the entire agreement between the Parties relating to the Settlement and transaction contemplated thereby. All prior or contemporaneous agreements, understandings and statements, whether oral or

written, and whether by a party or its counsel, are merged herein. No oral or written representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

46.    Authorization to Execute Agreement and Effectuate Settlement and Agreement to Cooperate. Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement. The person signing this Settlement Agreement on behalf of Defendant represents and warrants that he/she is authorized to sign this Settlement Agreement on behalf of Defendant.

47.    Binding Upon Successors and Assigns. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties and the Parties, as previously defined.

48.    No Prior Assignment. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

49.    Governing Law. All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California and the United States of America, where applicable.

50. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts and by facsimile. All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

51. <u>Exhibits</u>. The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein. The Exhibits to this Settlement Agreement are an integral part of the Settlement Agreement. Unless specifically provided otherwise in the Exhibits to this Settlement Agreement, in the event of any conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement shall control.

52. <u>Construction</u>. The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this Class and Collective Action and have arrived at this Settlement Agreement in arms-length negotiations and with the assistance of a professional mediator, taking into account all relevant factors, present and potential. This Settlement Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

53. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

54. <u>Agreement of Representative Plaintiffs</u>. The Representative Plaintiffs agree not to object to or appeal any of the terms of this Settlement Agreement. Non-compliance by the Representative Plaintiffs with this paragraph shall be void and of no force or effect. Any such objection shall therefore be void and of no force or effect.

55.     No Injunctive or Prospective Relief.     As part of this Settlement Agreement, Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive or prospective relief.

56.     No Signature Required by Eligible Class Members on Settlement Agreement. Because the Eligible Class Members are so numerous, it is impossible or impractical to have each one execute this Settlement Agreement.  The Class Notice and the Claim Form, Exhibits A and B hereto, will advise all Eligible Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Eligible Class Member.

57.     Titles and Captions of No Force.  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

58.     Mutual Full Cooperation.  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.

59.     Invalid Without Court Approval.  This Settlement Agreement is subject to approval by the Court.  In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

Date: 1/27/09

> SCHNEIDER WALLACE
> COTTRELL BRAYTON
> KONECKY LLP
>
> BERGER & MONTAGUE, P.C.
>
> THE DOWNEY LAW FIRM, LLC
>
> Hank Willson
> Counsel for Plaintiffs and the Settlement Class

Dated: Jan. 27, 2009

MECKLER, BULGER TILSON
MARICK & PEARSON LLP

Joe Tilson
Jeremy Glenn
Counsel for Defendants

Exhibit A

| SANTOS SALCIDO and GUADALUPE ALVAREZ, | Case Nos. 1:07-CV-01347-LJO-GSA and 1:08-CV-00605-LJO-GSA |
| and | |
| CHRISTINA BARBOSA, | **EXHIBIT A** |
| on behalf of themselves and all others similarly situated, | NOTICE OF PROPOSED CLASS ACTION SETTLEMENT |
| Plaintiffs, | |
| vs. | |
| Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. D/B/A Beef Packers, Inc., And Beef Packers, Inc., | |
| Defendants. | |

# IMPORTANT – Please Read This Notice Carefully. Your Rights May Be Affected. You May Be Entitled to Money From This Settlement

**TO:** All current and former hourly production and support employees of Cargill's meat-packing facility in Fresno, California between September 14, 2003 and \_\_\_\_\_, 2009 ("Class Members").

**RE:** Settlement of Claims for Alleged Wage-Hour Violations, Including Claims for Unpaid Overtime Compensation and All Related Claims for Relief

## IF YOU WISH TO PARTICIPATE IN THIS SETTLEMENT, YOU MUST SIGN AND RETURN THE ATTACHED CLAIM AND OPT-IN FORM TO THE CLAIMS ADMINISTRATOR BY _____.

### INTRODUCTION

The purpose of this Notice is to inform you of a proposed settlement (the "Settlement") of class action lawsuits entitled *Salcido et al. v. Cargill Meat Solutions Corp. et al.* and *Barbosa et al. v. Cargill Meat Solutions Corp. et al.*, currently pending in the United States District Court, Eastern District of California, Fresno Division (the "Court"), Case Nos. 1:07-CV-01347 LGO-GSA and 1:08-CV-00605-LJO-GSA (the "Lawsuit"). The Lawsuit is against Cargill on behalf of employees and former employees who fit the definition of Class Members set forth above. The Lawsuit was filed by Plaintiffs Santos Salcido, Guadalupe Alvarez and Christina Barbosa, on behalf of themselves and others similarly situated (the "Plaintiffs") against Cargill claiming that Cargill violated federal and California law by failing to pay hourly production and support workers regular and overtime compensation and failed to allow workers to take mandatory meal and rest periods.

You received this Notice because Cargill's records indicate that you were employed by Cargill at its meat-packing facility in Fresno, California between September 14, 2003 and _____, 2009 as an hourly production or support worker. Your rights may be affected by the legal proceedings in this action. If you are a member of the Settlement Class, you must sign and return the attached Claim and Opt-In Form to receive compensation.

THIS NOTICE IS TO INFORM YOU ABOUT:

2. THE STATUS OF THE CLASS ACTION, INCLUDING A STATEMENT OF YOUR RIGHTS WITH RESPECT TO THE PROPOSED SETTLEMENT OF THE CASE;

3. HOW YOU MUST SUBMIT THE ENCLOSED "CLAIM AND OPT-IN FORM" TO RECEIVE A SHARE OF THE SETTLEMENT FUNDS;

4. YOUR OPTION TO CHALLENGE THE RECORD AS TO THE NUMBER OF WEEKS YOU WORKED ON A JOB POSITION THAT IS ENTITLED TO A SETTLEMENT AWARD;

5. YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT;

6. YOUR OPTION TO EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT BY "OPTING OUT"; and

7. THE FEES AND COSTS THAT WILL BE REQUESTED BY CLASS COUNSEL.

| 1. | Why Should You Read This Notice? |
|----|----------------------------------|

This Notice tells of your rights to share in the settlement or your ability to exclude yourself or "opt-out" of the settlement. There was a hearing on _____, 2009 in the United States District Court for the Eastern District of California, at which Judge Lawrence J. O'Neill preliminarily approved the settlement of a class action lawsuit against Defendant Cargill. You have received this Notice because records indicate that you are a member of the Settlement Class. The Settlement will resolve the Class Members' claims for unpaid regular wages, overtime wages, and unpaid meal and rest breaks between September 14, 2003 and _____, 2009.

The Court will hold a Settlement Fairness Hearing concerning the proposed settlement on_____, 2009 at ___ a.m., in Courtroom _ 8 of the United States District Court located at 2500 Tulare Street, Fresno, California 93721.

| 2. | What Is This Case About? Description of the Lawsuit. |
|----|------------------------------------------------------|

On September 14, 2007, Plaintiffs Santos Salcido and Guadalupe Alvarez filed a complaint in the United States District Court for the Eastern District of California against Cargill; Plaintiff Christina Barbosa filed her class action complaint in the Superior Court of California for the County of Fresno on April 1, 2008. The Lawsuits allege that Class Members were not paid for all of the hours they worked, including overtime, and that they did not receive required meal and rest periods. Plaintiffs sought monetary damages for unpaid regular and overtime wages, meal and rest breaks, and attorneys' fees and costs of suit on the basis that Cargill did not pay its hourly production and support workers for all time worked. Cargill denies all of the allegations in the Lawsuit and has asserted defenses to the Plaintiffs' claims. Nothing in this Notice or proposed settlement shall be construed as an admission, concession, or indication by or against Cargill or anyone else of any fault, wrongdoing or liability whatsoever. The Court has expressed no opinion regarding the merits of Plaintiffs' claims or Defendant's liability.

The Court must approve the terms of the settlement described below as fair and reasonable to the Class. The settlement will affect all members of the class. **You may get money from the class action settlement provided you submit a valid and timely Claim and Opt-In Form as indicated below.**

| 3. | Who Are the Attorneys Representing the Plaintiffs? |
|----|----------------------------------------------------|

Plaintiffs and the Class Members are represented in these Actions by attorneys at the law firms of Schneider Wallace Cottrell Brayton Konecky LLP; Berger & Montague, P.C. and Philip A. Downey ("Class Counsel") whose contact information appears below.

**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
Todd M. Schneider
W.H. "Hank" Willson, IV
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
TTY: (415) 421-1665
wwillson@schneiderwallace.com
www.schneiderwallace.com

**Philip A. Downey**
P.O. Box 736
Unionville, Pennsylvania 19375
Telephone: (610) 324-2848
Facsimile: (610) 347-1073
downeyjustice@gmail.com

**BERGER & MONTAGUE, P.C.**
Shanon Carson
Russell Henkin
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3051
Facsimile: (215) 875-4604
scarson@bm.net
www.bm.net

**4.** **What Are My Rights? How Will My Rights Be Affected?**

To receive any money from the Settlement, you **must** complete the attached Claim and Opt-In Form and sign it under penalty of perjury. Class Counsel, appointed and approved by the Court for Settlement purposes only, will represent you. You need to complete the Claim and Opt-In Form and promptly mail it to the Settlement Claims Administrator.

Your monetary award from this Settlement will be based on the total number of weeks you worked as an hourly production or support worker for Cargill during the Class Period of September 14, 2003 to _____. The Claim and Opt-In Form states the number of weeks you worked during the Class Period, whether or not you were in a position that required you to wear mesh protective clothing as part of your job duties, and an estimate of what your individual Settlement Award will be. If you believe that the information shown in the Claim and Opt-In Form is incorrect, explain your disagreement on the Claim and Opt-In Form, and mail it along with any documentation relating to your disagreement to the Claims Administrator at the address provided below. For your explanation and documentation to be considered, they must be postmarked by _____, 2009. In the event of a dispute about the dates you worked, the Claims Administrator will review Cargill's records and your records and will resolve the dispute.

**If you do not wish to be bound by the Settlement,** you must submit a written exclusion from the settlement ("opt-out"), postmarked within 60 days from the date this Notice was mailed to you. The written request for exclusion from the settlement must contain the name, address and telephone number of the person requesting exclusion and the years of his or her employment with Cargill. The request for exclusion must be signed by the Class Member who seeks to opt-out. No opt-out request may be made on behalf of a group of Class Members. The opt-out request must be sent by mail to the Claims Administrator to Cargill Wage and Hour Settlement Administrator, c/o Rust Consulting, Inc., _____ and must be timely postmarked as set forth above. Any Class Member who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.

**If you wish to object to the Settlement,** you must submit an objection, postmarked by _____, 2009, stating why you object to the settlement. Your objection must state your full name, address and telephone number. The objection should be mailed to Cargill Wage and Hour Settlement Administrator, c/o Rust Consulting, Inc., _____. If you submit a written objection, you may also, if you wish, appear at the Settlement Fairness Hearing set for_____, 2009 at ___ a.m. in Courtroom __ 8 of the United States District Court located at 2500 Tulare Street, Fresno, California 93721 to discuss your objections with the Court and the parties to the Action.

IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT AMOUNT, YOU **MUST TIMELY** FILE YOUR CLAIM AND OPT-IN FORM AS STATED ABOVE. IF THE COURT APPROVES THE SETTLEMENT AND YOU HAVE NOT RETURNED YOUR CLAIM AND OPT-IN FORM, YOU WILL NOT RECEIVE ANY SETTLEMENT PROCEEDS.

If the proposed Settlement is approved by the Court, a Judgment will be entered by the Court that will dismiss with prejudice the alleged claims of the Settlement Class against Cargill. The Settlement defines the claims that will be released by anyone who submits a Claim and Opt-In Form as follows:

> Settled Claims under California Law include any and all claims that were asserted in the Complaint in Santos Salcido and Guadalupe Alvarez, and Christina Barbosa vs. Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc., United States District Court for the Eastern District of California, Case Nos. 07-CV-01347-LJO-GSA and 08-CV-00605-LJO-GSA ("the Salcido/Barbosa case"), arising under the California Labor Code §§201-203, 204, 210, 218 - 218.6, 226, 226.3, 226.7, 510, 512, 1194, 1197, the California Code of Civil Procedure § 1021.5 and the California Business and Professions Code § 17200, et seq., whether known or unknown, that accrued any time prior to _____ [insert date of Preliminary Approval], 2009.

> Settled Claims under the Fair Labor Standards Act include any and all claims that were asserted in the Complaints arising under the Fair Labor Standards Act, whether known or unknown, accruing any time prior to _____ [insert date of Preliminary Approval], 2009.

The Judgment will resolve the claims to the extent provided in the Settlement Agreement and will permanently bar all Class Members who submit Claim and Opt-In Forms from prosecuting any and all such claims against Cargill. **However, if you do not submit a Claim and Opt-In Form but do not submit a written request for exclusion, your claims under the Fair Labor Standards Act are not released. You are only bound by the release of claims arising under the Fair Labor Standards Act if you actually submit a timely and valid Claim and Opt-In Form.**

**5.     Can Cargill Retaliate Against Me As a Result of What I Do in Response to this Notice?**

No. If you are a current Cargill employee, your decision as to whether or not to submit a Claim and Opt-In Form will in no way affect your employment with Cargill. It is illegal for Cargill to take any adverse employment action against you as a result of your decision whether or not to submit a Claim and Opt-In Form.

**6.     How Much Can I Expect to Receive?**

Cargill has agreed to pay $7,500,000 to settle the Lawsuit. Deductions from this amount will be made to cover the attorneys' fees and costs of counsel for the Plaintiffs and the Class, settlement administration costs, an enhancement payment of $30,000 to the three named Plaintiffs ($10,000 each), and a set-aside for disputed or late claims in the amount of $100,000. After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay all Settlement Awards. The Net Settlement Amount will be divided among the class members as follows:

- Class Members will be divided into two categories: workers who were required to wear mesh protective clothing as part of their job duties (Group 1) and workers who were not required to wear mesh protective clothing (Group 2).

- Each Group 1 Class Member's total weeks worked will be multiplied by three (3) to determine the number of Settlement Shares he or she is entitled to receive. Each Group 2 Class Member's total weeks worked will be multiplied by one (1) to determine the number of Settlement Shares he or she is entitled to receive.

- The sum of all the settlement shares for Group 1 and Group 2 will constitute the Total Settlement Shares for all Class Members;

- Each Class Member's Settlement Shares will be divided by the Total Settlement Shares. That ratio will then be multiplied by the Net Settlement Amount to determine each Class Member's monetary Settlement Award.

All valid claims submitted to the Claims Administrator will be paid from the Net Settlement Amount. The Claims Administrator also will deduct applicable employee payroll taxes and withholdings from the Settlement payments.

The Claims Administrator has provided your total number of weeks worked, whether you are a member of Group 1 or Group 2, and your estimated Settlement Award in the attached Claim and Opt-In Form. The amount is only an estimate and may vary based on the final calculations made before final approval by the Court. Again, if you dispute the information provided by the Claims Administrator, you must indicate on the Claim and Opt-In Form the number of weeks you believe you worked, sign and postmark it by _____, 2009 along with any documentation you have to support the number of weeks you believe you worked.

**NOTE: YOU WILL ONLY GET MONEY FROM THE SETTLEMENT IF YOU SUBMIT A VALID CLAIM AND OPT-IN FORM. It is your responsibility to ensure the Claims Administrator has timely received your Claim and Opt-In Form. You may contact the Claims Administrator at the toll-free number listed at the bottom of this page to ensure it has been received. It is also your responsibility to keep a current address on file with the Claims Administrator to ensure receipt of your Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

**7.     How Will the Attorneys for the Class Be Paid?**

As noted above, the attorneys for the Representative Plaintiffs and the Class will be paid from the settlement of $7,500,000. You will not have to pay the attorneys who represented the class in this lawsuit separately. The Settlement Agreement provides that Plaintiffs' counsel will receive up to one-third (1/3) of the total value of the settlement, or $2,500,000. On or before _____, the attorneys will file with the Court a Motion for Attorneys' Fees of up to one-third (1/3) of the total settlement amount, and costs of suit. The actual amount awarded will be determined by the Court. The Court will hold a hearing on that Motion on the same day as the Settlement Fairness Hearing, _____ at ____ a.m. You may request a copy of this Motion from Plaintiffs' counsel or review a copy on file with the Court. You may file with the Court an objection stating why you object to the Motion. Your objection must state your full name, address and telephone number. The objection should be mailed to Cargill Wage and Hour Settlement Administrator, c/o Rust Consulting, Inc., _____.

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS,** you may contact the Claims Administrator at the address and telephone number listed below, toll free. Please refer to the Cargill Class Action Settlement.

Cargill Wage and Hour Settlement Administrator, c/o
Rust Consulting, Inc., INSERT ADDRESS
INSERT PHONE NUMBER

## ADDITIONAL INFORMATION

**This Notice only summarizes the Actions, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, 2500 Tulare Street, Fresno, California 93721, from 9:00 a.m. to 5:00 p.m., Monday through Friday or on the Court's website at http://www.caed.uscourts.gov.**

**PLEASE DO NOT TELEPHONE THE COURT FOR INFORMATION ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

Dated:_____

Exhibit B

**CARGILL WAGE AND HOUR SETTLEMENT ADMINISTRATOR**
Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN  55402
PHONE NUMBER

**Must be Postmarked
No Later Than
_____, 2009**

## INDIVIDUAL CLASS MEMBER CLAIM AND OPT-IN FORM

**CLAIMANT INFORMATION:**

Claim Number:                    Control Number:

[INSERT CLAIMANT NAME AND ADDRESS]

| First 6 Digits Of Your Social Security Number: |
|---|

| You must provide your full and correct Social Security Number or Tax Identification Number here: |
|---|

**CORRECTIONS OR ADDITIONAL INFORMATION**

If different than the preprinted data to the left, please print your correct legal name and current address below **OR** if there is no data to the left, please print your correct legal name and current address here:

_____
_____
_____

**CLAIM AND OPT-IN FORM**

United States District Court, Eastern District of California, *Salcido et al.* and *Barbosa v. Cargill Meat Solutions Corp. et al.*, Case Nos. 1:07-CV-01347-LGO-GSA and 1:08-CV-00605-LJO-GSA

**TO SHARE IN THE MONETARY RECOVERY FOR THE CARGILL CLASS ACTION,
YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM AND OPT-IN FORM.
THE CLAIM AND OPT-IN FORM MUST BE POSTMARKED NO LATER THAN _____, 2009**

Cargill Meat Solution Corp. or Beef Packers Inc.'s (collectively "Cargill") records indicate that you were employed as an hourly production or support worker during the Class Period (September 14, 2003 through _____, 2009) from _____ to _____, for a total of ____ weeks. Cargill's records also indicate that you [were or were not] required to wear mesh protective clothing for at least part of the time you worked at Cargill, which puts you in Group ___ for at least part of your time at Cargill, as described in the Class Notice.

As a result, your estimated Settlement Award is $_____.  This is only an estimate.  The actual amount may vary.

If this number of weeks is incorrect, please enter the number of weeks you believe you were employed as an hourly production or support worker between September 14, 2003 and _____.  Separate the weeks based on whether you were or were not required to wear mesh as part of your job duties.

Number of weeks required to wear mesh: _____    Number of weeks not required to wear mesh: _____

**If you disagree with Cargill's records, you must provide documentation to support your dispute.**

Name (First, Middle, Last):

| |
|---|

(Please include any names used while you were employed by Cargill.)

| | |
|---|---|

Street Address:                              City, State, Zip:

| | |
|---|---|

If your address changes, send the Claims Administrator your new address.  It is your responsibility to keep your address on file with the Claims Administrator so that you can be sure to receive your Settlement Award.

By signing, I certify under penalty of perjury that I was employed by Cargill as an hourly production or support worker between September 14, 2003 and _____, 2009, and that my name, address and Social Security Number or Tax Identification Number written above are correct.

I also hereby consent and agree to pursue all claims under the Fair Labor Standards Act, 29 U.S.C. § 201,*et seq.* against Cargill for alleged unpaid wages, overtime, liquidated damages and interest by joining the *Salcido* Lawsuit, and I hereby opt in to become a plaintiff in the *Salcido* Lawsuit and consent to be bound by the collective action settlement of all Settled Claims and I understand that I am releasing those Settled Claims.

Date: _____              _____
                                                                                        Signature