Todd M. Schneider (SBN 158253)
Guy B. Wallace (SBN 176151)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Shanon J. Carson (*admitted pro hac vice*)
Russell D. Henkin (*admitted pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604

Philip A. Downey (*admitted pro hac vice*)
P.O. Box 736
Unionville, Pennsylvania 19375
Tel: (610) 324-2848
Fax: (610) 347-1073

Attorneys for Plaintiffs and the Classes

Joseph E. Tilson (*admitted pro hac vice*)
Jeremy J. Glenn (*admitted pro hac vice*)
Jacob M. Rubinstein (*admitted pro hac vice*)
MECKLER BULGER TILSON MARICK &
PEARSON LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

Ronald H. Barsamian (SBN 81531)
BARSAMIAN & MOODY
1141 W. Shaw Ave, Ste. 104
Fresno, CA 93711

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS SALCIDO, GUADALUPE ALVAREZ, and CHRISTINA BARBOSA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARGILL MEAT SOLUTIONS CORP., CARGILL MEAT SOLUTIONS CORP. d/b/a BEEF PACKERS, INC., and BEEF PACKERS, INC.,<br><br>Defendants. | Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Date: May 27, 2009<br>Time: 8:30 a.m.<br>Dept.: 8<br>Judge: Honorable Lawrence J. O'Neill |

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
*Salcido/Barbosa, et al. v. Cargill, et al.,* Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA

The parties in this action have settled Plaintiffs' claims alleging unpaid wages and overtime and other damages, penalties and interest due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, California Labor Code § 204, California Labor Code § 510, California Labor Code § 1194, California Labor Code § 226.7, California Labor Code § 512, California Labor Code §§ 201-03, California Business and Professions Code §§ 17200 *et seq.*, and all other Claims Released in the Settlement Agreement between the parties.

Upon consideration of the parties' Joint Motion for Final Approval of Class Action Settlement, Plaintiffs' Motion for Approval of Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 23(h), and the parties' joint request at the Final Fairness Hearing for entry of a Judgment and Order dismissing this action with prejudice, as well as all declarations submitted in support of both motions, the proposed notices to class members and all other settlement documents and the pleadings in the case as a whole, and having concluded that the settlement and accompanying notices appear to be fair, reasonable, and in the best interest of the classes, the Court hereby makes the following findings and conclusions of law:

1. On February 2, 2009, this Court granted preliminary approval to the parties' proposed Settlement Agreement.

2. Notice of the proposed Settlement Agreement was subsequently sent to the Class Members in accordance with the Court's Order Granting Preliminary Approval. The Court finds that the notice sent to class members fairly and adequately informed them of the terms of the settlement, was consistent with Federal Rule of Civil Procedure 23, and satisfied the requirements of due process.

3. No objections were filed to the proposed class action settlement. As of May 27, 2009, only three Class members have excluded themselves from the Settlement. The Settlement Administrator, Ms. Amanda Myette of Rust Consulting, Inc., filed a Declaration with the Court stating that as of May 22, 2009, 1,959 class members had filed claims on the settlement fund. The Settlement Agreement does not provide for any reversion of funds to Defendants.

4. The Court finds that the Settlement Agreement is fair, reasonable and adequate. The

settlement confers substantial benefits on the members of the plaintiff classes. A review of the papers submitted in support of final approval shows that the average award to the class members is $1,405.13, and that the highest award is $7,650.88. The Court finds that these are substantial amounts in satisfaction of the meal period and off the clock claims made in this case. Those claims involved difficulties of proof in that, among other things, there are no written records showing the amount of time allegedly worked off the clock. Further, the members of the plaintiff classes are transient low-wage workers, thus compounding the difficulty of proof. In addition, the Court notes that there has been significant uncertainty regarding the applicable standards for proving off the clock claims and meal period claims. *See, e.g.*, *Brinker Restaurant Corp. v. Superior* Court, 80 Cal.Rptr.3d 781, *review granted and opinion depublished*, 85 Cal.Rptr.3d 688 (October 22, 2008).

5. The Court further finds that the settlement was negotiated with the assistance of a mediator, Mr. Michael Loeb, Esq., and that the settlement negotiations were conducted at arms length and were not collusive. Further, competent and experienced counsel in the area of wage and hour litigation on both sides conducted sufficient discovery to determine that the settlement was fair to the class, and this Court finds that their judgment is entitled to weight.

6. On May 27, 2009, the Court held a Fairness Hearing. No members of the class appeared at the Fairness Hearing to object. One class member appeared at the Fairness Hearing in support of the settlement.

7. With respect to the award of reasonable attorneys' fees and costs sought by Plaintiffs' Counsel, the Court finds that this case warrants an award of thirty-three and one-third percent of the common fund, plus an award of reasonable litigation costs. Plaintiffs' Counsel have conferred substantial benefits on the members of the Plaintiff classes for the reasons described above. Moreover, these substantial benefits were obtained by virtue of their timely and efficient handling of this litigation. The Court finds that the risks associated with litigating the claims in this case were substantial because of the difficulties of proof noted above, and because of the uncertain state of the substantive law in this area. The Court finds that these factors are sufficient to support an

eight-and-one-third percent upward adjustment from the twenty-five percent benchmark established by the Ninth Circuit for fees based on common fund recoveries sought by Plaintiffs' Counsel. Defendants make no objections to the fees sought by Plaintiffs' counsel herein, nor has any class member made any such objection.

8. The Court noted during the Fairness Hearing that Plaintiffs' moving papers regarding fees and costs sought to recover $66,900.75 (*See* Settlement Agreement ¶ 2n), whereas Plaintiffs' submissions in support of final approval sought an award of costs in the amount of $74,466.36 (*see* Motion for Approval of Award of Attorneys Fees and Costs at 14). Therefore, the Court directed Plaintiffs' Counsel to file a supplemental declaration to explain this discrepancy and to support the award of the further amount of costs. The Court has now received Plaintiffs' Counsel's supplemental declaration.

IT IS HEREBY ORDERED THAT:

1. The Court GRANTS the parties' Joint Motion for Final Approval of Class Action Settlement, finding that the parties' Settlement Agreement is fair, reasonable and adequate within the meaning of Federal Rule of Civil Procedure 23(e) and applicable law. The Court gives final approval to all the provisions contained within the Settlement Agreement. The Court finds for purposes of this settlement that the Class members meet the requirements for class certification under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b). The Court further holds that the Settlement Agreement is fair, adequate and reasonable as to all potential Class members, when balanced against the probable outcome of further litigation. At the time the Settlement Agreement was negotiated, Counsel for the Parties were reasonably able to evaluate their respective positions. This Settlement will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of these Actions.

2. Pursuant to the Settlement Agreement, the Court hereby certifies the following settlement classes pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All current and former hourly production and support employees of Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc.'s meat packing facility in Fresno, California between September 14, 2003 and the date of preliminary approval (the "California State Claims Class").
>
> and
>
> All current and former hourly production and support employees of Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc.'s meat packing facility in Fresno, California between September 14, 2004 and the date of preliminary approval (the "FLSA Collective Class").

The Court hereby appoints the following firms as Class Counsel in this matter: Schneider Wallace Cottrell Brayton Konecky LLP, Berger & Montague, P.C., and the Downey Law Firm, LLC.

3. The Court GRANTS Plaintiffs' motion for incentive awards in the amount of $10,000 to each of the three Class Representatives, Santos Salcido, Guadalupe Alvarez, and Christina Barbosa ($30,000 total). The Court finds that the Class Representatives were of genuine assistance in the conduct of this litigation, and that they acted in the best interests of the class.

4. The Court hereby GRANTS Plaintiffs' Motion for Approval of Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 23(h), and finds that the amounts requested by Plaintiffs' Counsel are fair and reasonable. Plaintiffs' Counsel shall receive as their fee one third of the $7.5 million Gross Settlement Amount provided for in Paragraph 2(l) of the Settlement Agreement, or $2.5 million and shall receive reimbursement of $73,109.45 in expenses they incurred in prosecuting this litigation, as set forth in the supplemental declaration provided by Plaintiffs' Counsel at the request of the Court. These amounts shall be paid to Plaintiffs' Counsel in accordance with the Settlement Agreement. Fees and costs shall be paid to Class Counsel in accordance with Paragraph 29b.iii of the Settlement Agreement. The Claims Administrator is directed to make payment of these amounts as provided for in the Settlement Agreement.

5. This Order incorporates by reference the definitions in the Settlement Agreement dated January 27, 2009, attached as Exhibit 1 to the parties' Joint Motion for Preliminary Approval ("Settlement Agreement") (Doc. 35) and all terms defined therein shall have the same meaning in this Order as set forth therein.

6. The remainder of the Gross Settlement Amount that Defendants deposited with the

Claims Administrator shall be distributed in accordance with the provisions set forth in the parties' Settlement Agreement, with any interest accrued on the deposit proportionately distributed.  The Claims Administrator shall mail payment to the 1,959 class members who have already made claims on the settlement fund by not later than June 9, 2009.  In addition, the Claims Administrator shall mail, on or before August 19, 2009, the appropriate settlement award to any additional class member who submits a timely and proper claim form postmarked on or before August 3, 2009 pursuant to the Settlement Agreement.  The Court approves the proposed $150,000.00 in fees and costs as billed by the Claims Administrator (this is a maximum amount).  In approving this Settlement and the Plaintiffs' fee and cost application, the Court notes that there is no reversion to Defendants of any part of the Gross Settlement Fund.  Pursuant to Paragraphs 29(d) and 31 of the Settlement Agreement, any portions of the Net Settlement Amount that is not claimed by Class members shall be paid in equal parts to *cy pres* recipients The United Way of Fresno County and the Employment Law Center of the Legal Aid Society.

7. The Court hereby Orders Class Counsel and the Settlement Administrator to submit a report to the Court on the disbursement of the settlement funds herein by no later than August 28, 2009.  The status report shall provide all details concerning the administration and distribution of this Settlement.

8. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement.  The final judgment shall not bind any class members who timely opted out of the settlement.  There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

///
///
///
///
///

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
*Salcido/Barbosa, et al. v. Cargill, et al.,* Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA
5

9. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the certified Classes, and the Defendants for purposes of supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, this Order, and the distribution of all settlement payments and tax forms.

Dated: May 28, 2009

/s/ Lawrence J. O'Neill
HON. LAWRENCE J. O'NEILL
United States District Judge